Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford. Docket No. 54848.
Matthew Collins, Esq., Attorney for the Petitioner.
Joan Alexander, Assistant State's Attorney for the State.
SENTENCE AFFIRMED
BY THE DIVISION: The petitioner, now fifty-seven (57) years old, was convicted after a jury trial of possession of narcotics with intent to sell (Sec. 21a-277 (a)), sale of narcotics (Sec. 21a-277 (a)), using a person under the age of CT Page 4379 eighteen (18) to violate Sec. 21a-277 (a), in violation of Sec. 21a-278 (c), and conspiracy to sell narcotics (Sec.53a-48 and 21a-277 (a). After conviction by the jury, he pled guilty to a Part "B" Information as a subsequent offender.
He was sentenced to a term of thirty (30) years for possession with intent to sell; thirty (30) years for sale of narcotics, two (2) years for using a person under eighteen (18) years to violate Sec. 21a-277 (a) and thirty (30) years for the conspiracy count. The three sentences of thirty (30) years were concurrent and the two (2) year sentence was consecutive, making the effective sentence thirty-two (32) years.
The petitioner asks the Division to consider, inter-alia, his age, his history of drug addition, the nature of his character and his health, and to reduce his sentence so as to enable him to be released sooner than he now anticipates.
The sentencing Court pointed out that the petitioner's life style is that of an incorrigible criminal, that he has a thirty-one (31) year history which includes some eight (8) prior drug related convictions, and four (4) robberies among others. In 1983 he received a sentence of six (6) to fourteen (14) years for possession of narcotics and failure to appear. In this case, the petitioner was using his fourteen (14) year old grand daughter as his bank and to hand over the heroin he was brazenly selling on the street.
Given the circumstances of the offenses, the character and record of the petitioner, and weighing the purposes of an incarcerative sentence, it cannot be said that the sentences imposed in this case were unreasonable, unfair or disproportionate. It is affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.